UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FERLIS ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKET TEXAS, LP, et al.,<br><br>    Defendants. | No. 5:23-CV-165-H |

# ORDER

Before the Court is the plaintiff's Motion to Remand (Dkt. No. 4) and the Defendants' Response to the Plaintiff's Motion to Remand (Dkt. No. 8). Having reviewed the filings and the applicable law, the Court concludes that it has proper jurisdiction over this action, and it therefore denies the plaintiff's motion for the reasons detailed below. Further, the Court dismisses the following defendants from this action because they are improperly joined or nonexistent: (1) SFM Beverages, Inc. d/b/a Sprouts Farmers Market; (2) SH Markets, Inc. d/b/a Sprouts Farmers Market; and (3) S&F Henry's Holdings, LLC.

**1.   Factual and Procedural History**

This is a slip-and-fall case. Dkt. No. 1-1 at 8. The plaintiff, Ferlis Ellis, alleges that he was injured when he slipped on a liquid substance on the floor of Sprouts Farmers Market Store #124. *Id.* Ellis alleges that the store employees and the named defendants knew, or should have known, that the substance was there and negligently failed to clean it up. *Id.*

Ellis subsequently filed a complaint in the 72nd District Court of Lubbock County, Texas, alleging three claims: (1) negligence; (2) negligent entrustment, hiring, training,

1

supervising, and retention;[1] and (3) premises liability. *Id.* at 8–10. Ellis brought those claims against the following entities: (1) Spouts Farmers Market Texas, LP; (2) Sprouts Farmers Markets Holdings, LLC; (3) SFM, LLC d/b/a Sprouts Farmers Market (SFM, LLC); (4) SFM Manager, LLC; (5) SFM Beverages, Inc. d/b/a Sprouts Farmers Market (SFM Beverages); (6) SH Markets, Inc. d/b/a Sprouts Farmers Market (SH Markets); (7) Henry's Holdings, LLC; and (8) S&F Henry's Holdings, LLC[2] (collectively, "the defendants"). *Id.* at 6–7. Ellis asserts that these defendants "owned and operated" the store where he was injured. *Id.* at 8.

The defendants then removed the case to this Court, invoking diversity jurisdiction. Dkt. No. 1 at 3. The defendants assert that, after disregarding the citizenship of improperly joined parties, that the parties are completely diverse, *id.* at 3–9, and the amount in controversy is greater than $75,000, *id.* at 9–11. The defendants concede that SFM Beverages, Inc. and SH Markets, Inc. are Texas citizens like the plaintiff, but they assert improper joinder because Ellis "cannot establish any cause of action against either [d]efendant." *Id.* at 11. The defendants further contend that Sprouts Farmers Market Texas, LP, Sprouts Farmers Markets Holdings, LLC, SFM, LLC, and SFM Manager, LLC are diverse (and thus do not affect the citizenship analysis), but they have been improperly joined because they each individually and collectively "do not own, operate, nor manage the Store" where Ellis was allegedly injured. *Id.* at 14–15.[3]

---

[1] These are actually two separate claims under Texas law. *See infra*, Section 3(b)(ii).

[2] The Court has concluded that S&F Henry's Holdings is a non-existent entity, based on the evidence provided by the defendants in their Notice of Removal (Dkt. No. 1) and the lack of the evidence supplied by the plaintiff. *See* Dkt. 8-1 at 5.

[3] Because it is not relevant to the jurisdictional question before the Court, the Court does not consider whether these parties are properly joined at this time.

Ellis timely filed a motion to remand. Dkt. No. 4. Ellis asserts that complete diversity does not exists and that there was no improper joinder.[4] *Id.* at 4–5. The defendants timely responded, arguing that there is complete diversity when considering only the properly joined parties. Dkt. No. 8. There was no reply filed. The motion to remand is now ripe and properly before the Court.

## 2. Legal Standards

### A. Complete Diversity and Improper Joinder

The party seeking a federal forum has the burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove a suit to federal court based on diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a)–(b). To remove a case to federal court though, there must be complete diversity between the parties. *McLaughin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "The concept of complete diversity requires that all [entities] on one side of the controversy be citizens of different states than all [entities] on the other side." *Id.* Therefore, a civil action may only be removed if the properly joined parties are completely diverse. *See* 28 U.S.C. § 1441(a).

The doctrine of improper joinder is a "narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005)). Where a plaintiff improperly joins a non-diverse defendant, "then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant[s]." *Flagg v. Stryker Corp.*, 819 F.3d 132,

---

[4] The Fifth Circuit prefers the term "improper joinder" as opposed to "fraudulent joinder" because it is more consistent with the statutory language. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). There is no substantive difference between the terms. *Id.*

136 (5th Cir. 2016) (citations omitted).  Improper joinder is established when the removing party meets the heavy burden of showing either that (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.  *Smallwood*, 385 F.3d at 573.

      **B.**      **Improper Joinder and its Rule 12(b)(6)-esque Standard**

To prove improper joinder under the second ground, a defendant must show that there is no reasonable basis under state law that might impose liability against any non-diverse defendant.[5]  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).  A reviewing court should apply a standard similar to that employed in motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine whether a reasonable basis for liability exists.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).  "A 'mere theoretical possibility' of recovery under state law does not suffice to preclude removal," but, as with motions to dismiss under Rule 12(b)(6), "the court must take as true the plaintiff's well-pleaded allegations of fact, and resolve any contested issues of fact or ambiguities in state law in favor of the plaintiff."  *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. 2009) (internal citations omitted).

    "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'"  *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, the plaintiff must plead facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

---

[5] Because neither party alleges fraud in the pleading of jurisdictional facts, the Court focuses its attention on the second ground of the *Smallwood* standard.  *See id.*

662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In resolving a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (cleaned up) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)). But a court should not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of stating a plausible claim to relief. *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

While a Court may only consider the allegations in the complaint and its attachments for a Rule 12(b)(6) motion, for improper joinder, the Court may "'pierce the pleadings' and consider summary judgment-type evidence in the record." *Travis*, 326 F.3d at 648–49. That being said, it must construe "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 649. The Court may, however, "look to evidence outside of the pleadings" in determining a fraudulent joinder claim, including affidavits supplied by the parties. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 216, 217 (5th Cir. 1995).

3.  Analysis

After dismissing the improperly joined defendants, there is complete diversity, and therefore, this Court has jurisdiction of this suit. The Court denies the motion to remand. Dkt. No. 4.

### A.  When considering the citizenship of every party, this suit lacks complete diversity.

Complete diversity "requires that all [entities] on one side of the controversy be citizens of different states than all [entities] on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Citizenship of a natural person is determined by an individual's domicile, and a person's domicile requires the demonstration of residence and an individual's intention to remain. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). The citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). Likewise, the citizenship of an LLC is determined by the citizenship of all its members; the LLC's state of organization and principal place of business are irrelevant. *Harvey*, 542 F.3d at 1079, 1080.

At issue in this case is the citizenship of the defendants. *See* Dkt. No. 4. There is no question as to the citizenship of the plaintiff—Ellis is a citizen of Texas. Dkt. No. 1 at 3; *Preston*, 485 F.3d at 797. For this Court to have diversity jurisdiction, no defendant may be a citizen of Texas. *See Harvey*, 542 F.3d at 1079. Thus, the Court must examine the citizenship of each defendant to determine if complete diversity exists. *See id.*

    **i. Defendants Sprouts Farmers Markets Holdings LLC; SFM Manager LLC; and Sprouts Farmers Market Texas, LP are all citizens of both Delaware and Arizona.**

  Given the complex web of entities that are relevant in this case, the Court considers the following defendants' citizenship together: (1) Sprouts Farmers Market Texas, LP; (2) Sprouts Farmers Markets Holding, LLC; and (3) SFM Manager, LLC. Within that group, it makes the most sense to begin with consideration of the citizenship of Sprouts Farmers Market, Inc.[6] A corporation is a citizen of the state of its incorporation and the state of its principal state of business. 28 U.S.C. § 1332(c)(1); *Getty Oil Corp.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Sprouts Farmers Market, Inc. is a Delaware corporation with its principal place of business in Arizona. Dkt. No. 1 at 4–5. Therefore, Sprouts Farmers Market, Inc. is a citizen of both Delaware and Arizona. *Getty*, 841 F.2d at 1258.

  Sprouts Farmers Markets Holdings, LLC is a limited liability corporation, and it is a citizen of Delaware and Arizona. The citizenship of an LLC is determined by the citizenship of all its members. *Harvey*, 542 F.3d at 1080. The sole member of Sprouts Farmers Markets Holdings, LLC is Sprouts Farmers Market, Inc. Dkt. No. 1 at 5–6. Because Sprouts Farmers Market, Inc. is a citizen of Delaware and Arizona, Sprouts Farmers Markets Holdings, LLC is also a citizen of Delaware and Arizona. *Harvey*, 542 F.3d at 1080.

  SFM Manager, LLC is a limited liability corporation, and it is a citizen of Delaware and Arizona. The sole member of SFM Manager, LLC is Sprouts Farmers Markets Holdings, LLC. Dkt. No. 1 at 7–8. Because Sprouts Farmers Markets Holdings, LLC is a

---

[6] Sprouts Farmers Market, Inc. is not a named defendant in this case, but its citizenship is relevant to the citizenship of several of the defendants.

citizen of Delaware and Arizona, SFM Manager, LLC is a citizen of Delaware and Arizona.[7] *Harvey*, 542 F.3d at 1080.

Sprouts Farmers Market Texas, LP is a Texas limited partnership,[8] and it is a citizen of Delaware and Arizona. The citizenship of a partnership is based upon the citizenship of each its members. *Carden*, 494 U.S. at 195–96. The sole partners of Sprouts Farmers Market Texas, LP are SFM Manager, LLC and SF Market, Texas LLC. Dkt. No. 1 at 4–5. SFM Manager, LLC is a citizen of Delaware and Arizona. *Id.* SF Markets, Texas LLC is a citizen of both Delaware and Arizona.[9] *Id.* Therefore, Sprouts Farmers Market Texas, LP is a citizen of both Delaware and Arizona. *See Carden*, 494 U.S. at 195–96.

In sum, defendants Sprouts Farmers Markets Holdings, LLC; SFM Manager, LLC; and Sprouts Farmers Market Texas, LP are each individually citizens of both Delaware and Arizona. The below chart summarizes these findings:

---

[7] The plaintiff seems to mistakenly believe that because SFM Manager, LLC is organized in the State of Texas, that it is a Texas corporation. *See* Dkt. No. 4 at 2–3. This argument was firmly rejected by the Supreme Court in *Carden*. 494 U.S. at 189.

[8] The plaintiff seems to mistakenly believe that because Sprouts Farmers Market Texas, LP is incorporated in the State of Texas, that it is a Texas corporation. *See* Dkt. No. 4 at 2–3. Again the plaintiff is mistaken. *See also supra* note 7.

[9] SF Markets, Texas LLC is a limited liability corporation, and it is a citizen of Delaware and Arizona. The sole member of SF Market, Texas LLC is Sprouts Farmers Markets Holdings, LLC. Dkt. No. 1 at 4–5. Because Sprouts Farmers Markets Holdings, LLC is a citizen of Delaware and Arizona, SF Market, Texas LLC is also citizen of Delaware and Arizona. *Harvey*, 542 F.3d at 1080.

## Citizenship of Relevant Entities:

Entity (Type)—**Sprouts Farmers Market, Inc.** (Corporation)

Rule (Corporation)—State of Incorporation, Principal Place of Business—Delaware; Arizona

**Citizenship**—Arizona and Delaware

↓

Entity (Type)—**Sprouts Farmers Market Holdings, LLC** (LLC)

Rule (LLC)—Determined by the citizenship of its members—Sprouts Farmers Market, Inc. is the only member.

**Citizenship**—Arizona and Delaware

Entity (Type)—**SFM Manager LLC** (LLC)

Rule (LLC)—Determined by the citizenship of its members—Sprouts Farmers Markets Holdings, LLC is the sole member.

**Citizenship**—Arizona and Delaware

Entity (Type)—**SF Markets, Texas LLC** (LLC)

Rule (LLC)—Determined by the citizenship of its members—Sprouts Farmers Markets Holdings, LLC is the sole member.

**Citizenship**—Arizona and Delaware

Entity (Type)—**Sprouts Farmers Market Texas, LP**

Rule (LP)—Determined by the citizenship of its partners—Partners are SFM Manager, LLC & SF Markets, Texas LLC, which are each individually citizens of both Arizona and Delaware.

**Citizenship**—Arizona and Delaware

    **ii.  Defendant SFM, LLC is a citizen of Delaware and Arizona.**

SFM, LLC is a limited liability corporation, and it is a citizen of Delaware and Arizona. The sole member of the LLC is Sprouts Farmers Markets Holdings, LLC. Dkt. No. 1 at 6. Because Sprouts Farmers Market Holdings, LLC is a citizen of Delaware and Arizona,[10] SFM, LLC is a citizen of Delaware and Arizona. *Harvey*, 542 F.3d at 1080.

    **iii.  Defendant Henry's Holdings, LLC is a citizen of Delaware and Arizona.**

Henry's Holdings, LLC is a limited liability corporation, and it is a citizen of Delaware and Arizona. The sole member of the LLC is Sprouts Farmers Markets Holdings, LLC. Dkt. No. 1 at 8. Because Sprouts Farmers Markets Holdings, LLC is a citizen of Delaware and Arizona,[11] SFM, LLC is a citizen of Delaware and Arizona. *Harvey*, 542 F.3d at 1080.

    **iv.  SFM Beverages, Inc. and SH Markets, Inc. are citizens of Arizona and Texas.**

SFM Beverages, Inc. d/b/a Sprouts Farmers Market and SH Markets, Inc. d/b/a Sprouts Farmers Market are citizens of Arizona and Texas. SFM Beverages, Inc. and SH Markets, Inc. are each incorporated in the State of Texas. Dkt. No. 1 at 2. Further, they both have principal places of business in Arizona. *Id.* Therefore, SFM Beverages, Inc. and SH Markets, Inc. are citizens of both Arizona and Texas. *Getty*, 841 F.2d at 1258.

---

[10] *See supra*, Section 3(a)(1).

[11] *See supra*, Section 3(a)(1).

      v.      **Citizenship Summary**

In sum, the Court has identified the citizenship of the defendant entities as indicated in the below chart:

| Defendant | Citizenship |
|---|---|
| Sprouts Farmers Market Texas, LP | Delaware & Arizona |
| Sprouts Farmers Markets Holdings, LLC | Delaware & Arizona |
| SFM Manager, LLC | Delaware & Arizona |
| SFM, LLC | Delaware & Arizona |
| Henry's Holdings, LLC | Delaware & Arizona |
| SFM Beverages, Inc. | Texas & Arizona |
| SH Markets, Inc. | Texas & Arizona |
| S&F Henry's Holdings, LLC[12] | Not Currently in Existence |

Thus, as it currently stands, there is not complete diversity between the parties. *See Harvey*, 542 F.3d at 1079. If the Court's analysis stopped here, then the Court would have no choice but to remand this action to state court for want of jurisdiction.

    **B.**    **Defendants SFM Beverages, Inc. and SH Markets, Inc. are improperly joined and must therefore be dismissed.**

Because Ellis cannot establish a cause of action against SFM Beverages, Inc. and SH Markets, Inc. in state court, they each have been improperly joined. Determining whether the plaintiff has established a cause of action against non-diverse defendants requires the

---

[12] The defendants assert that entity S&F Henry's Holdings, LLC does not exist, Dkt. No. 1 at 9, and the plaintiffs provide no evidence to the contrary. Having reviewed the filings, the Court concludes that S&F Henry's Holdings, LLC is non-existent, and therefore the Court dismisses it from this lawsuit pursuant to its authority under Federal Rule of Civil Procedure 21.

Court to consider "[w]hether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). Because the Court is only considering whether defendants SFM Beverages, Inc. and SH Markets, Inc. are properly joined, it only conducts this analysis on those two defendants—rather than the defendants at large. The plaintiff's original complaint asserts three causes of action against the defendants collectively: (1) negligence; (2) negligent entrustment, hiring, training, supervision, and retention; and (3) a "premises claim." Dkt. No. 1-1 at 8–9. The Court considers each claim in order, and it concludes that Ellis has failed to state to establish a cognizable cause of action as to both SFM Beverages, Inc. and SH Markets, Inc. as to each claim.

      **i.**      **Ellis cannot establish a negligence claim against either SFM Beverages, Inc. or SH Markets, Inc.**

Ellis has not pled a cognizable negligence claim against either SFM Beverages, Inc. nor SH Markets, Inc. Under Texas law, "[t]he elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). Ellis claims that SFM Beverages and SH Markets were negligent because they "fail[ed] to clean a known and dangerous substance on the floor of the Store which Defendant [sic] knew or should have known was there." Dkt. No. 1-1 at 8. The defendants assert that because SFM Beverages and SH Markets do not own or operate the store where Ellis was injured, Ellis has not pled a cognizable claim against them. Dkt. No. 8 at 14. The Court agrees with the defendants.

Ellis has not sufficiently asserted that SFM Beverages or SH Markets owned or operated the store in which he was injured or that they owed him a duty in some other way.

12

While Ellis does plead that SFM Beverages and SH Markets have some control over the Store and that they therefore owed him a duty, *see* Dkt. No. 1-1 at 8, this Court is not required to accept as true the plaintiff's legal conclusions. *Gentilello*, 627 F.3d at 544. The defendants, on the other hand, have produced evidence that neither SFM Beverages nor SH Markets owned or operated the store—or otherwise owed Ellis a duty. *See* Dkt. No. 8-1 at 4; *see also Travis*, 326 F.3d at 648–49. Specifically, the defendants have provided a sworn declaration from Desiree Acevedo, the General Liability Supervisor of the Legal Claims Team for Sprouts Farmers Market, stating that neither SFM Beverages nor SH Markets owned or operated the store where the plaintiff was injured. Dkt. No. 8-1 at 3–4. The plaintiff, in contrast, has provided no other evidence to support his conclusion that SFM Beverages or SH Markets owed him a duty—other than supplying an email from the defendants' attorney, which was later corrected. *See* Dkt. No. 4 at 4. Having considered the evidence, the Court concludes that the plaintiff has not plausibly alleged ownership, control, or a duty, as required to plead a negligence claim. *Elephant Ins. Co.*, 644 S.W.3d at 144. Thus, the plaintiff has not sufficiently pled the duty element, and Ellis has not pled a cognizable negligence claim against SFM Beverages or SH Markets.

        ii.    **Ellis cannot establish a negligent-entrustment or a negligent-hiring, supervision, or retention claim against either SFM Beverages, Inc. or SH Markets, Inc.**

The plaintiff's second claim seems to lump together two common-law torts— negligent entrustment and negligent hiring, training, supervising, or retention.[13] The Court first considers whether Ellis has sufficiently pled a negligent-entrustment claim, and then it

---

[13] The Court notes that the plaintiff lumps these two theories together in his pleading. Dkt. No. 1-1 at 8–10. The Court considers them both here for convenience and to mirror the pleadings, even if they are separate claims.

13

considers whether Ellis has sufficiently pled a negligent hiring, supervision, or retention claim against the relevant defendants. The Court concludes that the defendants have failed to sufficiently plead either claim.

Ellis has not pled a cognizable negligent-entrustment claim against either SFM Beverages, Inc. nor SH Markets, Inc. To plead negligent entrustment, a plaintiff must show (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, negligent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident." *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016). The only time that Ellis's pleading mentions a vehicle is in asserting his claim for negligent entrustment. *See* Dkt. 1-1 at 9. Regardless, Ellis has not pled sufficient facts showing that SFM Beverages, Inc. or SH Markets, Inc. owned any vehicle that proximately caused injury. Therefore, the Court concludes that it has failed to plead a cognizable claim of negligent entrustment against either SFM Beverages or SH Markets.

Ellis likewise fails to sufficiently plead negligent hiring, supervision, or retention. To successfully do so, "a plaintiff is required to show that (1) the employer owed a legal duty to protect third parties from the employee's actions, and (2) the third party sustained damages proximately caused by the employer's breach of that legal duty." *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 655 (Tex. App.—Dallas 2002, pet. denied); *see also Law Firm of Donald Wochna, LLC v. Am. Frontier Mgmt., LLC*, No. 03-17-00489-CV, 2018 WL 1614782, at *7 (Tex. App.—Austin 2018, pet. denied). Ellis's claims fail as a matter of law because he has not sufficiently pled that SFM Beverages or SH Markets were relevant employers. *See*

Dkt. No. 1-1. Again, this Court is not required to accept as true the plaintiff's legal conclusion that they owed him a duty. *Gentilello*, 627 F.3d at 544. The defendants, on the other hand, have produced evidence that neither SFM Beverages nor SH Markets employs any store employees. *See* Dkt. No. 8-1 at 4. Again, the defense has provided a sworn declaration that neither SFM Beverages nor SH Markets employs any employees at the store where the plaintiff was injured. *Id.* The plaintiff, in contrast, offers no evidence in support of its assertion that SFM Beverages or SH Markets employed workers at the store at which he was injured. Dkt. Nos. 1-1, 4. The Court has determined that the plaintiff has not sufficiently pled that SFM Beverages or SH Markets employed any store employees. Therefore, Ellis has not sufficiently pled a cognizable claim of negligent hiring, supervision, or retention against SFM Beverages or SH Markets.

    iii. **Ellis cannot establish a premises-liability claim against either SFM Beverages, Inc. or SH Markets, Inc.**

Ellis has not sufficiently pled that SFM Beverages or SH Markets owned the store in which he was injured, and therefore, he has not pled a cognizable premises-liability claim. The Court construes the plaintiff's "premises claim" as a claim of "premises defect."[14] *See* Dkt. No. 1-1 at 9–10. A plaintiff in such a case "must establish that the defendant had control over and responsibility for the premises before liability can be imposed." *Mayer*, 278 S.W.3d at 909; *see also Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). People who enter land for the purposes of conducting business with the owner are invitees. *Am.*

---

[14] Conceivably, the plaintiff could be trying to plea a cause of "negligent activity," but such a cause "requires injury" by or as a contemporaneous result of the activity itself—not a condition created by the activity. *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The plaintiff's pleadings do not support this inference though, as he alleges that the liquid on the floor caused his injury—a premises-defect claim—as opposed to injury during an activity. *See* Dkt. No. 1-1 at 8–10.

*Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). An owner or operator must use reasonable care to protect an invitee from known conditions that create an unreasonable risk of harm and conditions that should be discovered by the exercise of reasonable care. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Again, the defendants have produced evidence that neither SFM Beverages nor SH Markets owned the store in question. *See* Dkt. No. 8-1 at 4. The plaintiff has provided no other evidence to support its conclusion that SFM Beverages or SH Markets owned the store where he was injured. Dkt. Nos. 1-1, 4. The Court has determined that the plaintiff has not sufficiently pled that SFM Beverages or SH Markets owned the store. Therefore, Ellis has not pled a cognizable claim of premises liability against SFM Beverages or SH Markets.

**4.     Conclusion**

In sum, Ellis has not pled a cognizable claim against either SFM Beverages or SH Markets. Because the plaintiff has not established a cause of action against defendants SFM Beverages and SH Markets, they have been improperly joined to this lawsuit. *Travis*, 326 F.3d at 647. Because SFM Beverages and SH Markets have been improperly joined, their citizenship is not relevant to this Court's consideration of diversity jurisdiction. *See Flagg*, 819 F.3d at 136. Once the Court excludes SFM Beverages and SH Markets from its citizenship analysis, the Court concludes that the parties are completely diverse. *Harvey*, 542 F.3d at 1079. As a result, the Court denies the plaintiff's Motion to Remand (Dkt. No. 4).

Further, the Court dismisses defendants SFM Beverages, Inc. and SH Markets, Inc. because they have been improperly joined. The Court additionally dismisses defendant

16

S&F Henry's Holdings, LLC pursuant to its authority under Federal Rule of Civil Procedure 21 because the entity is non-existent.

 So ordered on December 12, 2023.

              _____
              JAMES WESLEY HENDRIX
              UNITED STATES DISTRICT JUDGE